06-1923-cv
Applewhite v. Briber, et al

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————————

August Term, 2007

(Argued: October 22, 2007                       Decided: October 29, 2007)

Docket No. 06-1923-cv

———————————

MONICA J. APPLEWHITE,

*Plaintiff-Appellant,*

—v.—

ROBERT BRIBER, ET AL,

*Defendant-Appellee.*

———————————

B e f o r e :

FEINBERG, WINTER and STRAUB, *Circuit Judges.*

———————————

Appeal from a judgment of the United States District Court for the Western District of New York (John T. Curtin, *Judge*) granting defendants' motions to dismiss under Fed. R. Civ. P. 12(b)(6).

Affirmed.

———————————

JAMES P. DAVIES, Buffalo, New York, *for Plaintiff-Appellant.*

NANCY A. SPIEGEL, Special Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Julie S. Mereson, Assistant Solicitor General), Albany, New York, *for Defendants-Appellees.*

_____

*Per Curiam:*

Plaintiff-Appellant Monica J. Applewhite appeals from a judgment of the Western District of New York (John T. Curtin, *Judge*), dismissing her action on motions to dismiss of all Defendants-Appellees. Applewhite claims that Defendants-Appellees deprived her of property in the form of her medical license without due process in violation of 28 U.S.C. §§ 1981, 1983. In addition, Applewhite claims that Defendants-Appellees engaged in race discrimination against her in violation of § 1983. The District Court granted Defendants-Appellees' motions to dismiss on the grounds of absolute judicial immunity, statute of limitations and failure to state a claim.

For substantially the reasons stated by the District Court, we hereby affirm the District Court's opinion. We write only to note that absolute judicial immunity attaches to a state medical review board's disciplinary proceeding where, as here, the individual charged has the right to be represented by counsel, to present evidence and to cross-examine witnesses, and where the board articulates its findings and conclusions in a binding order – as opposed to a mere recommendation – under a preponderance of the evidence standard. *See* N.Y. Public Health Law §§ 230(10)(c), (e), (f), (g). Our sister circuits that have considered claims of judicial immunity in similar contexts have reached the same conclusion. *See, e.g.*, *Guttman v. Khalsa*, 446 F.3d 1027, 1032-34 (10th Cir. 2006); *Olsen v. Id. State Bd. of Med.*, 363 F.3d 916, 923-26 (9th Cir. 2004); *Wang v. N.H. Bd. of Registration in Med.*, 55 F.3d 698, 701 (1st Cir. 1995).

Applewhite relies on our decision in *DiBlasio v. Novello*, 344 F.3d 292, 296-302 (2d Cir. 2003), *cert. denied*, 541 U.S. 988 (2004), to argue that the disciplinary proceeding at issue in this case should not receive absolute judicial immunity. However, *DiBlasio* did not involve the revocation of a medical license. Instead, the plaintiff in *DiBlasio* challenged the decision by the

2

New York State Department of Health to suspend his license. 344 F.3d at 295. In concluding that officials involved in such a proceeding do not deserve absolute judicial immunity, we stated that the procedures governing such summary suspensions "lack[ed] the hallmarks and safeguards of a judicial proceeding that would render absolute immunity for those officials involved appropriate." *Id.* at 299 (examining the factors relevant to applying judicial immunity discussed in *Butz v. Economou*, 438 U.S. 478 (1978)).[1]

We conclude that *DiBlasio* does not control here because summary suspensions and revocations of medical licenses in New York involve altogether separate and distinguishable proceedings. *Compare* N.Y. Public Health Law § 230(10) (providing procedures for revocations of medical licenses) *with* § 230(12) (summary suspensions). While a board independent of the Commissioner of the Department of Health (the "commissioner") decides whether to revoke a medical license, the commissioner exercises her "virtually unfettered authority" to accept the recommendation of the suspension hearing committee – a panel appointed predominantly by the commissioner. *DiBlasio*, 344 F.3d at 299 (discussing the "absence of meaningful safeguards against arbitrary executive action in a summary suspension proceeding"). Furthermore, in contrast to the administrative review available after a license revocation, *see* N.Y. Public Health Law § 230(10)(i), there is no "meaningful review of the summary suspension because . . . the commissioner is free to ignore" any later recommendation by the same committee to terminate the suspension. *DiBlasio*, 344 F.3d at 299. Therefore, our conclusion here that absolute judicial

---

[1] Our decision in *DiBlasio* is apposite only as far as Defendant-Appellee Novello's decision to suspend Applewhite's license is concerned. However, Defendants-Appellees do not argue that Defendant Novello is entitled to absolute judicial immunity. In any case, the claims against Novello were properly dismissed by the District Court on statute of limitations grounds.

immunity attaches to medical license revocation proceedings pursuant to New York Public Health Law § 230(10) does not affect our earlier conclusion that such immunity does not attach to summary suspension proceedings under § 230(12).

For the foregoing reasons, we AFFIRM the judgment of the District Court.