24-720-cv
Idlibi v. Conn. Dep't of Pub. Health

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-four.

PRESENT: BARRINGTON D. PARKER,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-----------------------------------------------------------------

AMMAR A. IDLIBI,

*Plaintiff-Appellant*,

v.

CONNECTICUT DEPARTMENT OF PUBLIC HEALTH, CONNECTICUT STATE DENTAL COMMISSION, DAVID TILLES, IN THEIR OFFICIAL AND PERSONAL CAPACITIES, OLINDA MORALES, IN THEIR OFFICIAL AND PERSONAL CAPACITIES, STEVEN G. REISS, IN THEIR OFFICIAL AND PERSONAL CAPACITIES,

No. 24-720-cv

DEBORAH M. DODENHOFF, IN
THEIR OFFICIAL AND PERSONAL
CAPACITIES, ANATOLIY RAVIN,
IN THEIR OFFICIAL AND
PERSONAL CAPACITIES,

*Defendants-Appellees*.

---------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:      AMMAR A. IDLIBI, *pro se*, Terryville, CT

FOR DEFENDANTS-APPELLEES:      SHAWN L. RUTCHICK, Assistant Attorney General of the State of Connecticut, *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Ammar Idlibi, a Muslim dentist, appeals from a March 6, 2024 judgment of the United States District Court for the District of Connecticut (Meyer, *J.*) dismissing his claims against the Connecticut Department of Public Health (the "Department"), the Connecticut State Dental Commission (the "Commission"), and several individual defendants who worked for the Department or the

2

Commission in prosecuting and sanctioning Idlibi for dental work on a three-year-old child that was determined to fall below the applicable standard of care.[1] We assume the parties' familiarity with the underlying facts, the record of prior proceedings, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

The Commission regulates the practice of dentistry and dental hygiene in Connecticut. Among other things, it establishes standards of practice and conduct for dentists and adjudicates complaints filed against dentists. The Commission is a component of the Department, which is authorized to initiate disciplinary proceedings against dentists. Conn. Gen. Stat. § 19a-14(a)(10), (b)(4). In 2017, after receiving a complaint from the mother of a three-year-old child regarding Idlibi's installation of eight stainless steel crowns on the child's teeth without a parent's informed consent, the Department initiated disciplinary

---

[1] Idlibi has argued that the Commission found that his treatment in this case was "proper, justified[,] and *within the standard of care*." Appellant's Br. 14 (emphasis added). That is incorrect. While the Commission found that the Department had not proved that Idlibi had breached the standard of care by 1) putting in the eight crowns, 2) putting the child under general anesthesia, or 3) failing to attempt a treatment other than the crowns to address the child's dental issues, it explicitly found that his treatment of the child had fallen below the standard of care in other ways – namely, by failing to obtain informed consent from the child's mother and by failing properly to chart "findings of cervical decalcifications" and "caries or other dental disease." App'x 50, 51, 53 ("[T]he Commission finds that Respondent['s] practice of dentistry fell below the standard of care.").

3

proceedings against Idlibi before the Commission. The Commission determined that Idlibi's treatment of the child fell below the standard of care for dentists and imposed sanctions, including a $10,000 civil penalty, a reprimand that would appear on his license, and a three-year probationary period. Idlibi appealed the Commission's initial decision to Connecticut Superior Court, which remanded to the Commission for further elaboration on certain findings and conclusions. *Idlibi v. Conn. State Dental Comm'n*, 2020 WL 589574 (Conn. Super. Ct. 2020). On remand, the Commission revised its decision but again found that Idlibi's treatment had fallen below the standard of care in several ways and imposed the same sanctions. The Connecticut state courts ultimately upheld both the Commission's revised findings and the sanctions it imposed in its new decision. *Idlibi v. Conn. State Dental Comm'n*, 275 A.3d 1214 (Conn. App. Ct. 2022), *cert. denied*, 282 A.3d 980 (Conn. 2022).[2] Idlibi then filed this suit, naming as defendants the Commission, the Department, and the individuals involved in the prosecution or adjudication of his disciplinary proceedings. Defendants Reiss,

---

[2] Idlibi has also challenged the Commission's decision to suspend his license after he failed to comply with certain provisions of its original decision and order. The Connecticut Superior Court's decision upholding that suspension is currently on appeal before the Connecticut Appellate Court. *Idlibi v. Conn. State Dental Comm'n*, AC 47198 (Conn. App. Ct. 2023).

4

Dodenhoff, and Ravin comprised the Commission panel that issued the sanctions. Defendant Tilles prosecuted the case on behalf of the Department. Defendant Morales provided legal counsel to the panelists.

Idlibi's amended complaint invoked 42 U.S.C. §§ 1981, 1983, 1985, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, Title V, 42 U.S.C. § 1975, Title VI, 42 U.S.C. § 2000d, and Title VII, 42 U.S.C. § 2000e-2, and alleged several state law claims. The core of Idlibi's complaint is that the Department, the Commission, and individual officials brought frivolous and discriminatory claims against him because of anti-Muslim animus and animus based on his status as a Middle Eastern immigrant. He seeks damages and removal of the reprimand from his license, among other relief. The District Court dismissed Idlibi's amended complaint, ruling that Eleventh Amendment immunity, judicial immunity, and prosecutorial immunity barred many of Idlibi's federal claims and that the remainder of his claims failed on other procedural grounds or on the merits. With no federal claims remaining, the District Court declined to exercise supplemental jurisdiction over Idlibi's state law claims. This appeal followed.[3]

---

[3] In view of its decision to dismiss all of Idlibi's federal claims on other grounds, the District Court declined to engage in an analysis of the defendants' arguments for dismissal under the *Rooker-Feldman* doctrine. "As *Rooker-Feldman* goes to subject matter

5

We review a district court's grant of a motion to dismiss *de novo*, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022). We also liberally construe submissions by *pro se* litigants as raising the strongest arguments they suggest. *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022).

The District Court correctly concluded that most of Idlibi's claims against the Department, the Commission, and individuals in their official capacities are barred by the Eleventh Amendment and that the *Ex parte Young* exception for claims seeking prospective relief does not apply because Idlibi has not "allege[d] an ongoing violation of federal law." *Silva v. Farrish*, 47 F.4th 78, 84 (2d Cir. 2022) (quotation marks omitted). It also correctly dismissed Idlibi's Title VII and ADEA claims because Idlibi did not — and could not — allege an employment relationship with any of the defendants. *Felder v. U.S. Tennis Ass'n*, 27 F.4th 834, 841–42 (2d Cir. 2022).

We likewise affirm the District Court's judgment in favor of the individual

---

jurisdiction," the District Court should have "addressed [it] first before the other issues raised." *Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 988 F.3d 634, 641 (2d Cir. 2021). Nevertheless, because Idlibi's alleged injuries "existed prior in time to the state-court proceedings" relevant here, we discern no *Rooker-Feldman* issue in this case. *Id.* at 641 (quotation marks omitted). Any error in failing to address the *Rooker-Feldman* issue was thus immaterial.

defendants in their personal capacities on the ground that they are entitled to absolute immunity. To determine whether a state official is entitled to absolute immunity, we take a functional approach: immunity attaches not to a person's title, but to the acts she performs. *See Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 123 (2d Cir. 2020). "The principal hallmark of the judicial function is a decision in relation to a particular case." *Bliven v. Hunt*, 579 F.3d 204, 211 (2d Cir. 2009). We have held that "absolute judicial immunity attaches to a state medical review board's disciplinary proceeding where . . . the individual charged has the right to be represented by counsel, to present evidence and to cross-examine witnesses, and where the board articulates its findings and conclusions in a binding order." *Applewhite v. Briber*, 506 F.3d 181, 182 (2d Cir. 2007). Judicial immunity extends not only to the quasi-judges but also to individuals who "[are] clearly assisting the judge in carrying out judicial functions." *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988). Similarly, individuals acting in a prosecutorial role are protected by prosecutorial immunity. *Id.* at 39.

With this standard in mind, we agree with the District Court that the individual defendants are entitled to absolute immunity insofar as they are sued in their personal capacities. Throughout the proceedings, Idlibi had the right to

7

be represented by counsel, present evidence, and cross-examine witnesses.
Moreover, we conclude that the individual defendants in this case were entitled
to absolute immunity for their roles in Idlibi's proceedings because they were
acting in a quasi-judicial or quasi-prosecutorial capacity. *See Peoples v. Leon*, 63
F.4th 132, 138 (2d Cir. 2023) (quasi-judicial immunity); *Butz v. Economou*, 438 U.S.
478, 515 (1978) (quasi-prosecutorial immunity).

We also affirm the District Court's dismissal of Idlibi's Title VI claims. A
violation of Title VI can be established by either direct evidence of discriminatory
intent or "circumstantial evidence of such animus, including by showing
disparate treatment among similarly situated" persons. *Radwan v. Manuel*, 55
F.4th 101, 132 (2d Cir. 2022). Such a showing "requires a reasonably close
resemblance of the facts and circumstances of plaintiff's and comparator's cases."
*Id.* This means the comparator "must be similarly situated to the plaintiff in all
material respects." *Id.* (quotation marks omitted). None of the comparators
Idlibi points us to — including Dr. Green, the subject of the so-called "Green
Exhibit" belatedly presented below, which he urges us to consider on appeal —
bears a "reasonably close resemblance" to his case. For example, none of the
proffered comparators' conduct appears to have included the same procedures

8

Idlibi conducted or involved a very young child as a patient, both material

factors.  Moreover, Idlibi does not plead any non-conclusory allegations that

remotely suggest that religion, race, or alienage was a motivating factor in the

defendants' decisions.[4]  Accordingly, we agree with the District Court that

Idlibi's Title VI claims fail as a matter of law.

Finally, with no federal claims remaining, the District Court did not abuse

its discretion in declining to exercise supplemental jurisdiction over Idlibi's state

law claims.  28 U.S.C. § 1367(c)(3); *Lundy v. Catholic Health Sys. of Long Island Inc.*,

711 F.3d 106, 117–18 (2d Cir. 2013).

We have considered Idlibi's remaining arguments and conclude that they

are without merit.  For the foregoing reasons, the judgment of the District Court

is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] Idlibi's Amended Complaint does allege that "[a]t least one of the three Defendants panelists has expressed to a third party, negative views and/or sentiments against immigrants from predominantly Muslim middle eastern countries or followers of the Muslim religion."  App'x 28.  However, that conclusory allegation, which does not specify which member expressed such views or provide any detail about the specific statements made, is insufficient to state a claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).